**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| CLYDE DEAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 16-2391-STA-cgc |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or

Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Clyde

Dear ("Dear"), Bureau of Prisons register number 23582-076, an inmate at FCI Texarkana in

Texarkana, Texas (§ 2255 Motion, ECF No. 1). For the reasons stated below, Dear's § 2255

Motion is **DENIED**.

**BACKGROUND**

On April 20, 2010, a federal grand jury sitting in the Western District of Tennessee

returned an indictment against Dear and one other individual charging each with one count of

bank robbery in violation of 18 U.S.C. § 2113(a) and one count of knowingly and intentionally

using and carrying a firearm in relation to a crime of violence, to wit the bank robbery, in

violation of 18 U.S.C. § 924(c). On January 27, 2011, the Court accepted Dear's change of plea

as part of a plea bargain with the United States. The Court sentenced Dear on May 10, 2010, to a

total term of incarceration of 128 months to be followed by three years' supervised release. (*See* Judgment, ECF No. 69.) Dear did not appeal.

Dear filed his § 2255 Motion on June 2, 2016, arguing that he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dear argues that the Supreme Court's holding in *Johnson* that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally void for vagueness renders invalid his conviction under § 924(c). Dear does not actually claim that the Court sentenced him under the ACCA's residual clause. Dear argues instead that after *Johnson*, his bank robbery convictions no longer constitute "crimes of violence," an essential element of his convictions under § 924(c) for using and carrying a firearm during a "crime of violence." Dear concedes that the United States Court of Appeals for the Sixth Circuit recently considered and rejected the same argument he makes in support of his § 2255. Dear explains that he filed his petition to preserve the issue for appeal in case the Supreme Court subsequently accepts certiorari over the issue.

Pursuant to Administrative Order 2016-21, the United States Probation Office conducted an initial review of Dear's claim under *Johnson v. United States*. On February 22, 2017, the probation officer submitted a memorandum to the Court, recommending that Dear was not entitled to any relief under *Johnson*.

## STANDARD OF REVIEW

Dear seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[1]

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[2] If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[3] The petitioner is then entitled to reply to the government's response.[4] The habeas court may also direct the parties to provide additional information relating to the motion.[5] The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[6]

## ANALYSIS

The Court holds that Dear is not entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2251 (2015). The Supreme Court in *Johnson* explained that the United States Code makes it a crime against the United States for certain classes of persons, such as convicted

---

[1] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

[2] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

[3] *Id*.

[4] Rule 5(d), Section 2255 Rules.

[5] Rule 7, Section 2255 Rules.

[6] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

felons, to possess firearms and provides for a punishment of up to ten years' imprisonment.[7] The ACCA increases the penalty for unlawful possession of a firearm where the offender has "three or more earlier convictions for a 'serious drug offense' or a 'violent felony'" and sets a minimum term of imprisonment of 15 years and a maximum of life.[8] The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."[9] The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" has come to be known as the ACCA's residual clause.

In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally void for vagueness.[10] *Johnson* left the ACCA's use-of-force clause and enumerated offenses clause undisturbed. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court subsequently held that, as applied to ACCA cases, *Johnson* is a new substantive rule of constitutional law that has been made retroactive to cases on collateral review, and therefore, defendants can bring initial or successive 28 U.S.C. § 2255 petitions challenging their sentences enhanced under the ACCA's residual clause.

---

[7] *Johnson v. United States*, 135 S. Ct. 2251, 2255 (2015) (citing 18 U.S.C. § 924(a)(2)).

[8] *Id.* (citing 18 U.S.C. § 924(e)(1)).

[9] 18 U.S.C. § 924(e)(2)(B)

[10] *Johnson*, 135 S. Ct. at 2257.

*Johnson* affords Dear no relief because the Court did not sentence Dear under the ACCA's residual clause. In fact, the Court did not sentence Dear under the ACCA at all. Dear argues that *Johnson* somehow reaches the statutory definition of a "crime of violence" as 18 U.S.C. § 924(c) uses that phrase. Under § 924(c), anyone who uses or carries a firearm during or in relation to a "crime of violence" is subject to a mandatory minimum sentence. For purposes of § 924(c), a "crime of violence" is a felony offense that

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[11]

Dear seems to argue by analogy that § 924(c)(3)(B) and its use of the phrase "substantial risk that physical force against the person or property of another may be used" is unconstitutionally vague, just as the ACCA's residual clause and its use of the phrase "serious potential risk of physical injury to another" was found to be unconstitutionally vague in *Johnson*.

As Dear acknowledges, the Sixth Circuit recently considered and rejected the same argument in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016.) The Court of Appeals concluded that "several factors distinguish the ACCA residual clause from § 924(c)(3)(B)."[12] Specifically, *Taylor* noted that "the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury."[13] And unlike § 924(c)(3)(B), the Supreme Court had grappled for some time with "a confusing set of examples"

---

[11] 18 U.S.C. § 924(c)(3).

[12] *United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016).

[13] *Id.*

and "coming up with a coherent way to apply the [ACCA's residual] clause" and "reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause."[14] The Sixth Circuit also noted that *Johnson*'s holding was carefully limited to "the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B)."[15] The Court holds then that *Taylor* forecloses Dear's argument that § 924(c)(3)(B) is void for vagueness. Because *Taylor* controls the only issue Dear raises in support of his § 2255, Dear's §2255 Motion must be **DENIED**.

## II. Appeal Issues

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."[16] No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing.[17] A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

---

[14] *Id.*

[15] *Id.*

[16] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[17] 28 U.S.C. §§ 2253(c)(2) & (3).

encouragement to proceed further."[18]  A COA does not require a showing that the appeal will succeed.[19]  Courts should not issue a COA as a matter of course.[20]

In this case, for the reasons previously stated, the single issue raised by Dear in support of his § 2255 Motion lacks substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ.  Dear explains in his § 2255 Motion that he filed the petition simply to preserve the issue for appeal.  Dear also notes that Judge Helene White of the Sixth Circuit filed a separate opinion in *Taylor*, concurring in part and dissenting in part.  While it is true that Judge White wrote a partial dissenting opinion in *Taylor*, the fact remains that *Taylor* is now the clearly established law in this Circuit: *Johnson* did not render § 924(c)'s definition of a "crime of violence" void for vagueness.  Concerning whether a certificate of appealability should issue in Dear's case, the question is not whether reasonable jurists could disagree with the conclusions reached in *Taylor*; Judge White has already done that. The question is whether reasonable jurists could debate whether *Taylor* is now binding precedent and controls the outcome of Dear's case.  The Court holds that reasonable jurists could not debate this proposition.  Therefore, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[21]  Rather, to appeal *in*

---

[18] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[19] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

[20] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[21] *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

*forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[22]  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[23]  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[24]

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is **DENIED**.[25]

Dear's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is **DENIED**.  The Court further denies Dear a certificate of appealability, denies leave to proceed in forma pauperis on appeal, and certifies that any appeal in this case would not be taken in good faith.

**IT IS SO ORDERED.**

> **s/ S. Thomas Anderson**
> S. THOMAS ANDERSON
> UNITED STATES DISTRICT JUDGE
> Date:  March 13, 2017.

---

[22] *Id.* at 952.

[23] *See* Fed. R. App. P. 24(a)(1).

[24] *See* Fed. R. App. P. 24(a) (4)-(5).

[25] If Dear files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.